**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

Irina Spiranskaya,

                 Plaintiff,

      v.

Marine Maukayan, et al.,

                 Defendants.

Case No. 2:25-cv-01896-JAD-BNW

**ORDER**

Pro se plaintiff Irina Spiranskaya commenced this action in the Central District of California. Her application to proceed *in forma pauperis* was granted and, shortly thereafter, the case was transferred to this District. ECF Nos. 14, 16. This Court now screens her complaint.

**I.     LEGAL STANDARD**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted).

Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

## II.     SCREENING

Plaintiff brings this action individually and on behalf of her two minor children. She alleges that a group of Nevada state court judges, court personnel, and private attorneys engaged in a coordinated scheme that deprived her and her children of constitutional rights in connection with Nevada family court proceedings. Because her complaint does not comport with Federal Rule of Civil Procedure 8, this Court will dismiss her complaint with leave to amend.

### A. Rule 8

The law mandates that even pro se complaints must, at minimum, comply with pleading requirements delineated by Rule 8. *See, e.g., McHenry v. Renne*, 84 F.3d 1172, 1178–79 (9th Cir. 1996) (concluding that a court may dismiss a pro se litigant's complaint for noncompliance with Rule 8); *see also Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) ("Although we construe pleadings liberally in their favor, pro se litigants are bound by the rules of procedure."). To comply with Rule 8, a pleading must contain "a short and plain statement showing that the pleader is entitled to relief," *see* Fed. R. Civ. P. 8(a)(2), and each allegation therein "must be simple, concise, and direct," *see* Fed. R. Civ. P. 8(d)(1). Courts have described the standard enunciated at Rule 8 as the "fair-notice" standard, which merely requires that a pleading "give the defendant fair notice of what the ... claim is and the grounds upon which it rests[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Rule 8 is "not meant to impose a great burden upon a plaintiff." *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 347 (2005). Dismissal under Rule 8 typically is reserved for "those instances in which the complaint is so 'verbose, confused and redundant that its true substance, if

any, is well disguised.'" *Hearns v. San Bernadino Police Dep't*, 530 F.3d 1124, 1131 (9th Cir. 2007). As the Ninth Circuit has observed:

> [p]rolix, confusing complaints . . . impose unfair burdens on litigants and judges . . . Defendants are . . . put at risk that . . . plaintiffs will surprise them with something new at trial which they reasonably did not understand to be in the case at all and that res judicata affects of settlement or judgment will be different from what they reasonably expected . . . The judge wastes half a day in chambers preparing the "short and plain statement" which Rule 8 obligated plaintiffs to submit. [Sh]e then must manage the litigation without knowing what claims are made against whom. This leads to discovery disputes and lengthy trials, prejudicing litigants in other case[s] who follow the rules, as well as defendants in the case in which the prolix pleading is filed.

*McHenry*, 84 F.3d at 1179–80.

Despite appearing pro se, Plaintiff is still required to submit a pleading that complies with Rule 8 to pursue the instant action. Her complaint falls far short of the fair-notice standard delineated by that Rule. Far from "simple, concise, and direct," *see* Fed. R. Civ. P. 8(d)(1), the complaint is disjointed and contains repetitive and conclusory allegations of wrongdoing. In short, her complaint is bereft of non-conclusory allegations that show how *each Defendant's* conduct is actionable. That is, the complaint overwhelmingly groups defendants together without differentiating which defendant is responsible for the separate claims. In this vein, there is not a clear separation between counts either. In turn, it is impossible to tell which facts supports which cause of action and which defendant is liable under which count. Thus, her complaint warrants dismissal under Rule 8.

### B.  Leave to amend

"Unless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). As a result, this Court will allow Plaintiff to file an amended complaint that complies with Rule 8 and addresses all the deficiencies identified below. But, should she file an amended complaint, she must provide a short and plain statement of the relevant facts supporting each claim against each defendant named in the amended pleading. Plaintiff should separate each claim individually, name the defendant(s) as to each claim, and provide the facts that support each claim. Essentially, the

amended complaint must inform Defendants—and this Court—who violated her rights, what facts show that her rights were violated, when such violation occurred, where such violation occurred, and why Plaintiff is entitled to relief.

Additionally, Plaintiff is advised that if she files an amended complaint, the original complaint (ECF No. 1) no longer serves any function in this case. As such, the amended complaint must be complete in and of itself without reference to prior pleadings or other documents. This Court cannot refer to a prior pleading or other documents to make Plaintiff's amended complaint complete.

While this Court will not analyze every potential defect with her complaint, it notes the following: (a) Plaintiff does not have a private right of action to bring claims under criminal statutes, (b) most of the named defendants are judges, court employees, or attorneys acting in judicial proceedings—categories that may be protected under immunity principles, (c) § 1983 actions require that the defendant be a state actor (or collude with one), (d) to the extent Plaintiff is requesting that this court undo a state court order, the *Rooker-Feldman* doctrine precludes such relief,  and (e) she may not bring a claim pro se on behalf of her children (she can only bring her own claims). Plaintiff is to consider the foregoing before amending her complaint.

**III.    CONCLUSION**

**IT IS THEREFORE ORDERED** that Plaintiff's complaint is dismissed with leave to amend.

**IT IS FURTHER ORDERED** that if Plaintiff chooses to amend her complaint, she must do so no later than March 13, 2026. Failure to amend by that date may result in a recommendation that the case be dismissed.

DATED: February 5, 2026

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE